AUTOMOTIVE SUPERMARKETS, INC., APPELLEE, *v.* CITY OF WILLOUGHBY, APPELLANT.

(No. 10-271—Decided April 1, 1986.)

*Greene, Tulley & Jurjans* and *Joseph P. Tulley,* for appellee.

*Davies, Rosplock, Coulson, Perez, Deeb & Harrell* and *Richard J. Perez,* for appellant.

FORD, J. Plaintiff-appellee, Automotive Supermarkets, Inc., has an option to lease certain unimproved real

property located in a General Business District, as zoned in Section 1143 of the Codified Ordinances of the City of Willoughby. Appellee proposed to construct a 10,600 square-foot building on the property, one third of which building was to consist of an eight-bay garage used for automotive maintenance, installation, and repair work with the remaining two thirds to be used as a retail establishment for the sale of auto parts and supplies. However, while the retail portion of the proposed plan was a permitted use within the subject district, the eight-bay repair garage was not. In June 1983, appellee applied to the Willoughby Planning Commission for a "Conditional Use Permit" to construct the proposed building. On July 7, 1983, the application for the conditional use permit was denied and appellee filed an appeal with the Willoughby Zoning Board of Appeals. At the same time, appellee also applied to the zoning board for a variance from another section of the city zoning code, which section imposed a maximum lot size of parcels to be used for "gasoline service stations." The zoning board sustained the denial of the conditional use permit on August 26, 1983, and declined to rule on appellee's request for the variance. Appellee then appealed the board's decision to the Lake County Court of Common Pleas, pursuant to R.C. 2506.01 et. seq. On October 18, 1984, the trial court entered judgment for appellee, finding that the criterion used by the planning commission in determining whether to grant the conditional use permit was arbitrary, unreasonable, and void. The trial court remanded the action to the board of zoning appeals for a determination on appellee's request for a variance.

The city of Willoughby presents the following assignment of error:

"The court of common pleas abused its discretion and erred to the prejudice of appellant City of Willoughby in finding that the criterion set forth in Section 1125.08(b)(2)(A) of the Codified Ordinances of the City of Willoughby is arbitrary and unreasonable on its face."

In its sole assignment of error, the city of Willoughby contends that Section 1125.08(b)(2)(A) is a facially valid standard for determining whether to grant a conditional use permit because it directly relates to the public health, safety, welfare or morals and constitutes a valid exercise of the city's police power. The assignment is without merit.

Under Section 1125.08 of the Codified Ordinances of the City of Willoughby, the following criteria are considered in deciding whether to grant a conditional use permit:

"(2) Business or Commercial and Industrial District. To be approved in a Business or Commercial and Industrial District, it shall be found that:

"A. *The proposed use is necessary to serve community needs, and existing similar facilities located in a less restrictive or more remote district in which the use may be permitted by right are inadequate;* [Emphasis added.]

"* * *

"* * *

"C. The location, size, intensity and layout of the proposed use and operations would conform to the noise, smoke, dust, odors, fumes, vibrations and/or glare performance standards of the districts;

"* * *"[1]

Applying the foregoing factors to appellee's request for a conditional use permit, the planning commission found that appellee failed to show that its proposed use, in terms of location, was necessary to serve community needs. The commission also determined that the noise generated by the requested use would be incompatible with the sur-

---

[1] The text of the opinion as it appears herein was abridged by Judge Ford.

240

rounding area. The planning commission determined that there was no justification for permitting the prohibited use.

The test for determining the validity of a zoning ordinance is whether the ordinance, in proscribing a landowner's proposed use of his property, bears any reasonable relationship to the public health, safety, welfare or morals.

The standard used by the planning commission for determining the propriety of a conditional use permit as set forth in Section 1125.08(b)(2)(A), to wit, whether the proposed use is necessary to serve community needs, bears no reasonable relationship to the public health, safety, welfare or morals. On the contrary, the law in Ohio is clear that "need" for business is not a proper subject for zoning decisions:

"A zoning ordinance or amendment cannot be supported on the ground that it will control business competition, and that the public welfare will be served thereby. In passing a zoning ordinance, a legislative authority cannot properly concern itself with the question of whether the business use proposed by a landowner is needed in the area, or is adequately supplied by existing businesses." (Footnote omitted.) 10 Ohio Jurisprudence 3d (1979) 373, Buildings, Zoning and Land Controls, Section 169, citing, *inter alia, Henle* v. *Euclid* (1954), 97 Ohio App. 258 [56 O.O. 39], appeal dismissed (1954), 162 Ohio St. 280 [55 O.O. 151].

Accordingly, the trial court did not abuse its discretion in reversing the board of zoning appeal's decision, to deny appellee's request for a conditional use permit, based on a finding that the need criterion is arbitrary, unreasonable, and void.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.